IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CONNIE REGULI )
)
v. ) NO. 3:08-0774
) JUDGE CAMPBELL
SHARON GUFFEE, et al. )

MEMORANDUM

Pending before the Court is a Motion to Dismiss Amended Complaint Against Department of Children's Services Defendants and Challenges to State Statute (Docket No. 40), filed by Defendants Schneider and Spann. For the reasons stated herein, Defendants' Motion to Dismiss (Docket No. 40) is GRANTED, and Plaintiff's claims against Defendants Schneider and Spann are DISMISSED.

FACTS

Plaintiff Reguli brought this action individually and on behalf of her minor daughter ("Daughter") for alleged violations by Defendants of Plaintiff's and Daughter's rights under the U.S. Constitution, the Americans with Disabilities Act ("ADA") and the Rehabilitation Act. Plaintiff also alleged state law claims for abuse of process, outrageous conduct and civil conspiracy. In addition, Plaintiff alleged that certain Tennessee statutes are unconstitutional. Amended Complaint (Docket No. 28).[1]

Defendant Schneider is an attorney for the Tennessee Department of Children's Services (TDCS"), and Defendant Spann is a case worker for TDCS. Schneider and Spann were named in the Amended Complaint in both their official and individual capacities. Docket No. 28, ¶ 7.

---

[1] Plaintiff also sued Williamson County, Tennessee, Michael LaBo, and several Williamson County employees. Those claims and Defendants were dismissed by the Court on February 19, 2009. Docket No. 45.

The facts underlying Plaintiff's Amended Complaint center around a series of incidents involving Daughter and the Williamson County Juvenile Court between April and October of 2008. Plaintiff alleges that Daughter first appeared before the Juvenile Court on April 30, 2008, based upon an "unruly" charge filed by Plaintiff. Docket No. 28, ¶ 16.

Plaintiff alleges that Defendants Spann and Schneider violated Plaintiff's constitutional rights in the following ways:

(1) Defendant Spann appeared at Plaintiff's home without notice and questioned Plaintiff's children. Docket No. 28, ¶ 76a.

(2) Defendant Schneider interjected to the Juvenile Court and made demands without standing or authority and without the minimum due process requirements. *Id.*, ¶ 76b.[2]

(3) Defendants Schneider and Spann conducted an illegal search and seizure of Plaintiff's minor children and violated the family's privacy interest without a showing of immediate and irreparable harm. *Id.*, ¶ 76c.[3]

(4) Defendants Schneider and Spann used threats of immediate removal of the children, rising to the level of extortion, if Plaintiff refused to cooperate with the interview process. *Id.*, ¶ 76d.

Plaintiff also contends that Defendant Schneider refused to release a copy of "the records" to Plaintiff, violating Plaintiff's right to confrontation. *Id.*, ¶ 66.

---

[2] Plaintiff specifically alleges that Defendant Schneider, the attorney for TDCS, told the Juvenile Court that DCS needed to interview all Plaintiff's children. Docket No. 28, ¶ 23.

[3] Plaintiff specifically contends that Schneider and Spann used threats of removal of the children to intimidate Plaintiff into participating in unlawful interviews of the children, which interviews, Plaintiff alleges, have been held by federal courts to be unlawful searches and seizures. Docket No. 28, ¶ 100.

2

Plaintiff further contends that all Defendants in this action, including Schneider and Spann, violated Title II of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act, Docket No. 28, ¶ 84. Plaintiff has conceded, however, that her Amended Complaint does not state claims under the ADA and Rehabilitation Act against Defendants Schneider and Spann. Docket No. 46, p. 3. Accordingly, Defendants' Motion to Dismiss Plaintiff's ADA and Rehabilitation Act claims is GRANTED, and those claims are DISMISSED.

Plaintiff also alleges state law claims of abuse of process, outrageous conduct and civil conspiracy against Defendants Spann and Schneider. *Id.*, ¶¶ 91, 104 and 108. The Amended Complaint seeks compensatory damages, declaratory relief and injunctive relief.

## MOTIONS TO DISMISS

In considering a motion to dismiss for failure to state a claim on which relief can be granted, the court must accept as true all factual allegations in the complaint. *Broyde v Gotham Tower, Inc.*, 13 F.3d 994, 996 (6th Cir. 1994). A motion to dismiss for failure to state a claim upon which relief can be granted must be viewed in the light most favorable to the party opposing the motion. *State of Ohio ex rel. Fisher v. Louis Trauth Dairy, Inc.*, 856 F.Supp. 1229, 1232 (S.D. Ohio 1994). The purpose of a motion to dismiss for failure to state a claim is to allow the defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

## CONSTITUTIONAL CLAIMS

Plaintiff has conceded that her claims against Defendants Schneider and Spann in their official capacities are barred by the Eleventh Amendment and has withdrawn those claims. Docket

3

No. 46, p. 4. Accordingly, Defendants' Motion to Dismiss all claims against them in their official capacities is moot.

Plaintiff sought the intervention of the Williamson County Juvenile Court when she filed the unruly petition which began this whole series of events. As this Court found in its prior Order (Docket No. 45), the Juvenile Court imposed restrictions upon Daughter, including participation in an anger management program. During that anger management program, Daughter told the moderator that Plaintiff had hit and choked her. *See also* Docket No. 28, ¶ 25. This report validly triggered a TDCS investigation, pursuant to Tenn. Code Ann. § 37-1-403.

The Sixth Circuit has held that prosecutors and, by analogy, social workers who initiate proceedings related to the welfare of a child are entitled to absolute immunity while functioning in roles intimately associated with the judicial phase of proceedings. *Rippy v. Hattaway*, 270 F.3d 416, 422 (6th Cir. 2001). Although the investigation of a social worker that precedes the filing of a complaint or petition is not necessarily covered by absolute immunity, immunity rests not on status or title, but on the function performed. *Id.*, pp. 421-22.

The TDCS workers' recommendations to the Juvenile Court, as well as their investigation leading up to those recommendations relate to the judicial proceedings, initiated by Plaintiff herself, and fall within the scope of absolute immunity. *See O'Donnell v. Brown*, 335 F.Supp.2d 787, 826-27 (W.D. Mich. 2004). The first alleged attempt to question Plaintiff's children was pursuant to an investigation of Daughter's abuse allegation. The next attempt to question Plaintiff's children was pursuant to a Juvenile Court Order. The alleged TDCS injection into the Juvenile Court proceedings was based upon Daughter's allegations and state law. The Court finds that Defendants Schneider

4

and Spann are entitled to absolute immunity for the constitutional claims asserted against them herein.

Alternatively, Defendants Schneider and Spann would be entitled to qualified immunity based upon their objectively reasonable behavior in accordance with state law and the authority of the Juvenile Court, since those acts did not violate any clearly established constitutional right of Plaintiff or Daughter  *See Williams v. Pollard*, 44 F.3d 433, 435 (6th Cir. 1995); *Pearson v. Callahan*, 129 S.Ct. 808 (2009).

Plaintiff's Amended Complaint challenges the constitutionality of three state statutes. It is well-settled that when a plaintiff seeks to challenge the constitutionality of a state statute, the proper defendant for that suit is the state official or agency that enforced the allegedly unconstitutional statute against the plaintiff. *Putnam v. Davies*, 169 F.R.D. 89, 98 (S. D. Ohio 1996) (citing *Ex Parte Young*, 28 S.Ct. 441 (1908)); *Carey v. Wolnitzek*, 2006 WL 2916814 at n.1 (E.D. Ky. 2006).. Plaintiff has not sued the Tennessee Department of Children's Services or the head of that agency. To the extent Plaintiff sued Defendants Schneider and/or Spann as Defendants for this claim, all claims against Schneider and Spann in their official capacities have been withdrawn. Docket No. 46, p. 4.

Accordingly, Defendants' Motion to Dismiss Plaintiff's claims regarding the constitutionality of these three state statutes is GRANTED, and Plaintiff's challenges to the state statutes herein are DISMISSED without prejudice.

## STATE LAW CLAIMS

Having dismissed Plaintiff's federal claims against Defendants Schneider and Spann, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims against them,

pursuant to 28 U.S.C. § 1367(c)(3). Plaintiff's state law claims, including any claims for violations of the Tennessee Constitution, against Defendants Schneider and Spann are DISMISSED without prejudice.

## CONCLUSION

For the above reasons, the Motion to Dismiss filed by Defendants Schneider and Spann (Docket No. 40) is GRANTED, and Plaintiff's claims against Defendants Schneider and Spann are DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

6

Case 3:08-cv-00774   Document 48   Filed 03/31/09   Page 6 of 6 PageID #: 708